UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRANDON KAPP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-02711 (UNA) |
| | ) |
| STATE DEPARTMENT OF WASHINGTON *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

On July 11, 2025, Plaintiff, a resident of Ellensburg, Washington, filed suit in the U.S. District Court for the Eastern District of Washington based on his pursuit of records under Washington State's Public Records Act. The Eastern District dismissed the action under the *Younger* abstention doctrine in light of Plaintiff's "parallel case in Yakima County Superior Court[.]" *Kapp v. McDaniel*, No. 1:25-cv-03109-SAB, 2025 WL 2487783, at *2 (E.D. Wash. Aug. 28, 2025) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Here, Plaintiff sues "Washington State agencies" and "local federal judges" he alleges "have engaged in a coordinated strategy to suppress metadata, obstruct ADA-related evidence, retaliate against public records requesters, and shield institutional misconduct through procedural dismissals." Compl., ECF No. 1 at 2. Plaintiff includes "unnamed" judicial officers "for declaratory and injunctive purposes due to their role in

enabling the systemic concealment through unjustified dismissals and denial of discovery." *Id*. at 4 ¶ 12.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The United States, U.S. agencies, and U.S. employees sued in their official capacities are immune from suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), which "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (cleaned up). Federal judges sued, as here, for having "done nothing more than their duty," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), "are part of the United States government for the purposes of sovereign immunity." *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014) (collecting cases). Similarly, the Eleventh Amendment immunizes states from lawsuits filed against them in federal court absent their consent to be sued or Congress' "unequivocally expressed" intent to abrogate the states' sovereign immunity.[1] *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction, *see* Fed. R. Civ. P. 8(a), or suffer dismissal of the case, Fed. R. Civ. P. 12(h)(3).

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Amendment "bars a citizen from bringing suit against the citizen's own State" as well. *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472 (1987) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).

Plaintiff has cited no authority waiving the immunity of either the United States or the State of Washington for the dubious claims asserted. At bottom, Plaintiff wants this Court "to intervene where local remedies have failed," Compl. at 2, but it "is a well-established principle" that a district court cannot review "the decisions of its sister court [and] compel it to act." *Atchison v. U.S. District Courts*, 240 F. Supp. 3d 121, 126 n.6 (D.D.C. 2017). What's more, under the well-known *Rooker-Feldman* doctrine, federal district courts "lack jurisdiction to review judicial decisions by state . . . courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996). Finally, there is no apparent venue in Washington, D.C., for defendants and their alleged acts all in Washington State. *See Montgomery v. Barr,* 502 F. Supp. 3d 165, 173 (D.D.C. 2020) (warning against manufactured venue in the District of Columbia). Therefore, this case will be dismissed by separate order.

Date: November 17, 2025

TREVOR N. McFADDEN
United States District Judge